UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00176-GNS

CHANCE COX                                                                                          PLAINTIFF

v.

COMMONWEALTH HEALTH CORP., INC.
d/b/a HILLCREST CREDIT AGENCY et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Default (DN 12) and Defendant's Motion for Leave to File a Late Answer (DN 16). The motions are ripe for adjudication. For the reasons outlined below, Plaintiff's motion is **DENIED AS MOOT** and Defendant's motion is **GRANTED**.

### I.     STATEMENT OF FACTS

Plaintiff Chance Cox ("Cox") sued several Defendants for various claims, including Defendant Atlas Cars, Inc. ("Atlas"), for allegedly violating KRS 286.10-275 during the repossession and subsequent sale of Cox's car. (Compl. ¶¶ 27-28, 63, DN 1-2; *see* Compl. ¶¶ 29-61). Cox moves for an entry of default against Atlas because it did not timely file an Answer. (Pl.'s Mot. Entry Default, DN 12). Atlas moves for leave to file a belated Answer and objects to the entry of default against it. (Def.'s Mot. Leave File Late Answer, DN 16). Cox has not objected to Atlas' motion or replied to Atlas' objections.

### II.    JURISDICTION

Subject matter jurisdiction is afforded over this matter through federal question and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1367(a).

### III. DISCUSSION

Unless otherwise specified, a defendant must file an answer within twenty-one days of being served process. Fed. R. Civ. P. 12(a)(1)(A)(i). A court may extend such a deadline after it has expired, provided the untimeliness was due to excusable neglect and there is good cause for the extension. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an equitable balance of five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Atlas explains that its failure to timely file an Answer was due to an influx of new actions against it, counsel being recently retained after prior counsel became ill, and the holiday season. (Def.'s Mot. Leave File Late Answer 1; Def.'s Mem. Supp. Mot. Leave File Late Answer 2, DN 16-3). Atlas filed its motion only thirty days after the Answer was due and on the same day Cox sought entry of default. Cox will not be prejudiced by permitting Atlas to file its Answer, as it was a relatively short delay, discovery has not begun, and two Defendants have yet to make an appearance in this action. Although the delay was within Atlas' reasonable control, it did act in good faith by filing its motion as soon as it became aware of its mistake. (Def.'s Mem. Supp. Mot. Leave File Late Answer 2). Moreover, Cox has not objected to Atlas' motion and entry of default is disfavored, weighing in favor of Atlas' motion. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. July 6, 1990) ("Trials on the merits are favored in the federal courts . . . ." (citation omitted)). Therefore, equity favors granting Atlas' motion. Accordingly, Atlas is permitted to file its Answer and Cox's motion for entry of default is denied as moot.

3

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default (DN 12) is **DENIED AS MOOT** and Defendant's Motion for Leave to File a Late Answer (DN 16) is **GRANTED**.

Greg N. Stivers, Chief Judge
United States District Court

June 9, 2023

cc:    counsel of record